IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ANNIE FOSTER,               *

    Plaintiff,           *

    v.                   *      CIVIL NO.: WDQ-14-859

BOARD OF EDUCATION OF       *
ANNE ARUNDEL COUNTY, et al, *

    Defendants.          *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Annie Foster sued the Board of Education of Anne Arundel County (the "Board of Education"), Anne Arundel County Public Schools ("AACPS"), and others,[1] for race discrimination and retaliation. ECF No. 2 at 18-25.[2] Pending are AACPS's motion to dismiss for failure to state a claim, ECF No. 10, and Foster's unopposed motion for leave to amend her complaint, ECF No. 25.[3]

---

[1] Also named as defendants are Sharon Stratton, and Dan Schaffhauser, in their individual and official capacities. ECF No. 2.

[2] Counts One and Two allege race discrimination and retaliation in violation of the Maryland Fair Employment Practices Act. ECF No. 2 at 18-21; see also Md. Code Ann, State Gov't §§ 20-601, et seq. (West 2013). Counts Three through Five allege racial harassment, discrimination, and retaliation, in violation of 42 U.S.C. § 1983 (2012). ECF No. 2 at 21-25.

[3] Foster captioned her motion as a "notice for leave to amend complaint," and requested leave to amend under Federal Rule of Civil Procedure 15(a)(2) and the Court's August 5, 2014 scheduling order. ECF No. 25 at 1. The Court will construe the

No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, AACPS's motion to dismiss, and Foster's motion for leave to amend, will be granted.

I.   Background

  A.   Facts[4]

Since 1997, Foster, a 52 year old African American female, has worked for the Board of Education and AACPS. ECF No. 25-2 ¶¶ 1, 6. From 1997 to 2006, Foster was a teacher; from 2006 to mid-2011, she was assistant principal at the Center of Applied Technology North High School. *Id.* ¶ 6.

Until 2010, Foster had received positive performance evaluations. *Id.* ¶¶ 7-10. During the 2010-2011 academic year, Foster "made an internal EEO[5] complaint to the school system," alleging race discrimination by Dan Schaffhauser. *Id.* ¶ 12. In March 2011, Schaffhauser learned of the allegations. *Id.* In

---

"notice" as a "motion," and will consider it under Rule 15(a)(2).

[4] The facts are from the proposed amended complaint. ECF No. 25-2. For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Matters of public record include state court records and filings. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006).

[5] "Equal Employment Opportunity."

2

June 2011, Schaffhauser gave Foster a rating of "Needs Improvement/Marginal" in her annual performance review, and downgraded her overall performance from "Highly effective" to "Satisfactory," the "second lowest possible rating." *Id.* ¶ 14.

In August 2011, Foster was transferred to Arundel High School; other than Foster, the school had "an all-white administrative staff." *Id.* ¶¶ 11, 13. Foster was not immediately selected to become an assistant principal. *Id.* ¶ 18.[6]

Before the school year began, assistant principal Gina Davenport was to attend a meeting with a new teacher, Kandi Ford, who was African American. *Id.* ¶ 19.[7] Davenport failed to attend the meeting; thus, Foster conducted the meeting with Ford. *Id.* Foster complained to principal Sharon Stratton and Davenport that she believed that she "was left to assist Ms. Ford by herself since she and Ms. Ford are both African-American." *Id.*

Foster's complaint "prompted Defendant Stratton to review [her] personnel file," and seek "means to rid herself of"

---

[6] Foster's amended complaint later alleges that she was demoted from assistant principal to classroom teacher; thus, it appears that at some time, Foster had been appointed assistant principal. ECF No. 25-2 ¶ 38.

[7] Davenport is Caucasian, aged in her 40s. *Id.* ¶ 91. Two other assistant principals are also Caucasian, and aged in their 30s. *Id.*

Foster. *Id.* ¶ 20. After finding Foster's negative 2010-2011 performance evaluation, Stratton placed Foster on a "Professional Growth Plan."[8] *Id.* ¶¶ 21, 24-25. Although it was never implemented, in October 2011, Stratton issued Foster a "Plan of Action for Improvement Chart."[9] *Id.* ¶ 26.

In November 2011, Stratton learned about Foster's EEO complaint. *Id.* ¶ 29. That same month, Stratton "reported to the school system" that Foster had allegedly commented to an Arundel High School secretary that "there was 'a lot of racism going on.'" *Id.*

A school investigator--who was also an attorney--"construed [Foster] as the victim" and "conveyed [Foster's] concerns to Defendant Stratton." *Id.* ¶ 31. However, "[n]o remedial or corrective measures were ever undertaken." *Id.*

Although mid-school-year evaluations were unusual, in December 2011 Stratton gave Foster a "Marginal" performance rating. *Id.* ¶¶ 32-33. In January 2012, Foster rebutted Stratton's evaluation in a letter, copies of which were sent to the state and local NAACP, stating that she does "not accept the

---

[8] The amended complaint vaguely describes the Professional Growth Plan as a "pre-arranged plan to motivate [Foster] to seek out 'professional growth.'" *Id.* ¶ 26 n.5.

[9] The amended complaint does not provide details about the Plan of Action for Improvement Chart, although it was apparently issued in response to Foster's 2010-2011 performance evaluation. *See id.* ¶ 26.

labeling and stereotyping of [herself] simply as an administrator for 'the black kids.'" Id. ¶ 34.

In March 2012, Foster received a letter from Department of Education Superintendent George Arlotto, stating that unless Foster improved from "Marginal" to "Satisfactory" at her year-end evaluation, administrative action could be taken--including "reassignment to a teaching position." Id. ¶ 36.

In May 2012, Stratton gave Foster an "Unsatisfactory" performance evaluation, the "lowest possible rating." Id. ¶ 37. In June 2012, Foster was "demoted" from assistant principal to classroom teacher. Id. ¶ 38.

B.   Procedural History

On July 5, 2012, Foster filed an amended Equal Employment Opportunity Commission ("EEOC") Charge. Id. ¶ 54. In February 2014, Foster filed a complaint in the Anne Arundel County Circuit Court, alleging violations of 42 U.S.C. § 1983 and state law tort claims. ECF No. 1. On March 20, 2014, the Board of Education removed the case to this Court. Id. On March 27, 2014, the Board of Education, Stratton, and Schaffhauser answered the complaint. ECF No. 9. That same day, AACPS moved to dismiss the complaint for failure to state a claim. ECF No. 10. On April 14, 2014, Foster opposed the motion. On May 1, 2014, AACPS replied. ECF No. 15.

On June 27, 2014, the EEOC dismissed Foster's charge and issued a notice of rights. ECF No. 25 at 1. On August 5, 2014, the Court granted the parties' consent motion for an extension of time to modify the scheduling order, setting August 25, 2014 as the deadline for amended pleadings. ECF No. 24. On August 25, 2014, Foster moved for leave to file an amended complaint. ECF No. 25.

II. Analysis

    A.    Motion to Dismiss

        1.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761,

764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

   2. AACPS's Motion

AACPS contends that Foster's complaint should be dismissed because AACPS "is not *sui juris*[10] and has no legal existence." ECF No. 10 at 1. Foster contends that AACPS has defended claims before; thus, it has the capacity to be sued. ECF No. 14 at 1-2. However, Foster concedes that the Board of Education and

---

[10] That is, AACPS "does not have the capacity to be sued." See *Shelton v. Danville Police Dep't*, No. 4:11-CV-00045, 2012 WL 5464953, at *3 (W.D. Va. May 8, 2012).

AACPS "are largely two sides of the same coin" and that AACPS's participation in the suit "is not absolutely necessary." *Id.* at 2.

School districts--like the AACPS--"[do] not exist as a separate entity for purposes of suit." *Adams v. Calvert County Pub. Schs.*, 201 F.Supp.2d 516, 520 n. 3 (D. Md. 2002).[11] Thus, AACPS is entitled to dismissal.[12]

B.  Motion for Leave to Amend

1.  Legal Standard

Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend should be freely given when justice requires. Leave should be denied only when amendment would unduly prejudice the opposing party, amount to futility, or reward the movant's bad faith. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008); *Equal Rights Ctr. v.*

---

[11] *See also Matthews v. Bd. of Educ. of Howard Cnty.*, No. CIV. WDQ-12-1758, 2012 WL 6086871, at *1 (D. Md. Dec. 5, 2012)(the Howard County Public School System "cannot be sued in its own name")(citing *James v. Frederick Cnty. Pub. Sch.*, 441 F.Supp.2d 755, 758 (D. Md. 2006)). Section 3-104 of the Education Article provides that county boards of education "[m]ay sue and be sued." Md. Code Ann., Educ. § 3-104 (West 2014).

[12] The Court notes that AACPS has participated in litigation. *See Adams v. Anne Arundel Cnty. Pub. Sch.*, No. CIV.A. MJG-11-2876, 2014 WL 2511473, at *1 (D. Md. June 3, 2014). There, however, the Board of Education was not a co-defendant; AACPS was the sole defendant. Further, there is no indication that AACPS challenged its amenability to suit; rather, the case was resolved--in AACPS's favor--on summary judgment. *See id.* at *11. Here, AACPS has raised the issue of its capacity to be sued, which the Court resolves in its favor.

*Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010). An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995).

        2.   Foster's Motion

Foster seeks leave to amend her complaint to include claims that were pending before the EEOC when she filed her original complaint. ECF No. 25 at 1. On June 27, 2014, the EEOC issued its dismissal and notice of rights. *Id.* Under the modified scheduling order, Foster had until August 25, 2014 to amend her complaint. ECF No. 24. On that date, Foster filed her motion for leave to amend. ECF No. 25. None of the defendants has opposed Foster's motion, nor is the amended complaint clearly prejudicial, futile, or in bad faith. Thus, Foster's motion to amend her complaint will be granted.

III. Conclusion

For the reasons stated above, AACPS's motion to dismiss, and Foster's motion for leave to amend her complaint, will be granted.

1/7/15
Date

William D. Quarles, Jr.
United States District Judge